UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JUDSON HOLBROOK,

      Petitioner,                                    Case No. 2:20-cv-11471

v.                                               Honorable Arthur J. Tarnow

BOB VASHAW,

      Respondent,
_____/

**ORDER TRANSFERRING THE INITIAL PETITION (ECF NO. 1)
TO THE SIXTH CIRCUIT COURT OF APPEALS PURSUANT TO 28
U.S.C. § 2244(b)(3)(A) AND STRIKING THE SUBSEQUENT PETITIONS
FOR RELIEF AND LETTERS (ECF NOS. 3-4, 6-17**

## I. Introduction

On May 28, 2020, petitioner Charles Judson Holbrook filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. (ECF No.1.) Since then, Holbrook has filed seven more "petitions for relief" in this case (ECF Nos. 3-4, 6-9, 17) and seven additional documents titled "petition for relief," but listed as "letters" on the docket (ECF Nos. 10-16). The initial petition challenges Holbrook's Kent County, Michigan convictions and sentence of fifteen to forty years. (ECF No. 1, PageID.1.) He is challenging the fact or duration of confinement on grounds that there has been no crime and there is no evidence of any crime. *Id*., PageID.3, 5.

The Court has learned from state-court records that Holbrook was convicted of the following crimes in 2010: two counts of possessing child sexually abusive material, Mich. Comp. Laws §750.145c(4); two counts of allowing a child to engage in child sexually abusive activity, Mich. Comp. Laws §750.145c(2); two counts of producing child sexually abusive material, Mich. Comp. Laws §750.145c(2); one count of accosting a child for immoral purposes, Mich. Comp. Laws §750.145a; and one count of being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f. *See People v. Holbrook*, No. 298869, 2011 WL 5064266, at *1 (Mich. Ct. App. Oct. 25, 2011) (unpublished). The Michigan Court of Appeals affirmed his convictions, *see id.*, and on July 24, 2012, the Michigan Supreme Court denied leave to appeal. *See People v. Holbrook*, 817 N.W.2d 78 (Mich. 2012).

In 2013, Holbrook challenged his convictions in a federal habeas corpus petition that the Honorable Bernard A. Friedman denied on the merits. *See Holbrook v. Rapelje*, 2:13-cv-13137 (E.D. Mich. Apr. 1, 2016). Since then, Holbrook has become a serial filer of habeas corpus petitions and civil rights cases challenging his convictions. *See Holbrook v. State of Michigan*, No. 2:20-cv-10205, ECF No. 41, PageID.149-150 (6th Cir. July 29, 2020).

On May 28, 2020, Holbrook filed his habeas corpus petition in this case. His other "Petitions for Relief" and letters followed on June 23, 2020, through July 6, 2020. Most of them continue to allege that there has been no crime and there is no

evidence of a crime. Some of the documents make additional allegations and requests. For example: one document challenges Holbrook's sentence, *see* ECF No. 10; one document asks the Court to release Holbrook on bond, *see* ECF No. 11; one document seeks confinement in a federal facility, *see* ECF No. 12; one document asks the Court to take charge of Holbrook's state criminal case, *see* ECF No. 13; another document challenges the joinder of the weapons charge with the other charges and alleges that the trial court was biased and that he (Holbrook) was not allowed to defend himself, *see* ECF No. 14; another document asserts that the presentence information report listed Holbrook as "unemployed" instead of "retired," *see* ECF No. 15; and still another document states that Holbrook fired his trial attorneys, but they refused to stay away from him because they were taking orders from the county to put him in prison and keep him there, *see* ECF No. 16.

## II. Discussion

An initial question is whether the Court has jurisdiction to adjudicate Holbrook's petition for the writ of habeas corpus. Because he has filed so many federal habeas petitions challenging the same convictions, the Honorable Laurie J. Michelson recently enjoined Holbrook from filing any more petitions in this district unless he first obtained (1) permission from the presiding or chief judge to file the petition or (2) authorization from the Sixth Circuit Court of Appeals to file a successive habeas petition. *See Holbrook v. State of Michigan*, No. 2:20-cv-10205

(E.D. Mich. June 15, 2020).  Judge Michelson entered that order after Holbrook filed his initial petition in this case, but before he filed his other "petitions for relief" and letters.  Accordingly, the Court proceeds to consider whether this Court has jurisdiction to entertain Holbrook's current application for the writ of habeas corpus, ECF No. 1.

The Sixth Circuit Court of Appeals has pointed out that "[t]he Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') limits the authority of federal courts to grant relief to individuals who previously filed a habeas petition" in federal court.  *In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 661 (2018).  Among other things, AEDPA "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive' petition in district court."  *Id*. (citing 28 U.S.C. § 2244(b) and *In re Stansell*, 828 F.3d 412, 414 (6th Cir. 2016)).

AEDPA does not define the phrase "second or successive," and it is clear that "not all second-in-time petitions are 'second or successive.' "  *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (citing *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)).

> But this not-second-or-successive exception is generally restricted to two scenarios.  The first is where ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition.  The second is where a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits.

*Id*. (internal and end citations omitted).

Of course, a petition also "is not 'second or successive' if it is the initial challenge to a specific state court judgment . . . ." *In re Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018) (citing *In re Tibbetts*, 869 F.3d at 406) (citing *In re Stansell*, 828 F.3d at 415). A petition is "second or successive" if it is "a second or successive attempt to invalidate the judgment authorizing the petitioner's confinement." *In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019).

Holbrook's initial petition in this case is another attempt to invalidate the state-court judgment that authorized his incarceration. And, as noted above, he challenged the same state-court judgment in a previous habeas petition that Judge Friedman denied on the merits. *See Holbrook v. Rapelje*, No. 2:13-cv-13137 (E.D. Mich. Apr. 1, 2016). Consequently, Holbrook's initial petition in this case is a second or successive habeas corpus petition. *See In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (holding that, because the petitioner's initial § 2254 petition was dismissed on the merits, the petitioner's current petition was a second or successive petition)); *see also White v. Carter*, 27 F. App'x 312, 313 (6th Cir. 2001) (stating that "[a] district court is not authorized to consider a second or successive petition for writ of habeas corpus, when the first habeas petition is decided on the merits, unless this court grants the petitioner leave to file the second or successive petition").

Furthermore, Holbrook has not acquired permission to file a second or successive habeas petition, and federal district courts lack jurisdiction to consider a

5

second or successive habeas petition without prior authorization from the appropriate Court of Appeals. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3) and *Burton v. Stewart*, 549 U.S. 147, 149 (2007)). When, as here, a numerically second petition is "second or successive," and it was filed in the district court without prior authorization from the appropriate court of appeals, the district court must transfer the petition to the court of appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Court orders the Clerk of the Court to transfer the initial petition in this case, ECF No. 1, to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) and *In re Sims*, 111 F.3d at 47. Holbrook's remaining "petitions for relief" and letters, ECF Nos. 3-4, 6-17, are stricken because they were filed after Judge Michelson enjoined Holbrook from filing any more petitions without permission from the chief judge or the presiding judge or authorization from the Court of Appeals to file another habeas petition.

IT IS SO ORDERED.

                                             _s/Arthur J. Tarnow_____
                                             ARTHUR J. TARNOW
Dated: August 21, 2020           United States District Judge